IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. FILED: JULY 21, 2008 |
| | ) | 08 cv 4110 |
| v. | ) | JUDGE ANDERSEN |
| | ) | MAGISTRATE JUDGE COX |
| J & A SONS, INC., an Ohio Corporation | ) ) | Honorable JH District Judge |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their causes of action against Defendant J & A Sons, Inc., an Ohio corporation ("J & A Sons"), allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982).  This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

3.      The Pension Fund is administered at its principal place of business located in Rosemont, Illinois.  Venue is proper in this District under Sections 502(e)(2) and 4301(d)

of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d).  Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4.       Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.       Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6.       Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.       Defendant J & A Sons is or was an Ohio corporation with its principal place of business located in the State of Ohio.  J & A Sons is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

## CLAIM FOR RELIEF

8.       J & A Sons was subject to collective bargaining agreements executed between itself and Local Unions of the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9.      On or about March 31, 2007, J & A Sons permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

10.      As a result of this complete withdrawal, J & A Sons incurred withdrawal liability to the Pension Fund in the amount of $306,127.43 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

11.      On or about August 17, 2007, J & A Sons received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B).  The notice notified J & A Sons that it was required to discharge its liability monthly payments in the amount of $3,478.47 or in one lump sum in the amount of $306,127.43.

12.      J & A Sons has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

13.      J & A Sons made the monthly payments for the months of September 2007 through March 2008 in the total principal amount of $20,452.29.

14.      On or about May 9, 2008, J & A Sons received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned Defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

15.      J & A Sons did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.     Since April 2008, J & A Sons has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

17.     Consequently, the amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) and J & A Sons is liable for the withdrawal liability in the amount of $285,675.14.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A.     A judgment against Defendant J & A Sons, Inc., an Ohio corporation and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(1)     withdrawal liability in the amount of $285,675.14;

(2)     interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(3)     an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

(4)     attorney's fees and costs.

B.     Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; and

-5-

C.      For such further or different relief as this Court may deem proper and just.

Respectfully submitted,


/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org