IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AREAS PENSION FUND, AND HOWARD MCDOUGALL, <br><br> Plaintiffs, <br><br> v. <br><br> J & A SONS, INC., <br><br> Defendant. | Case No. 08 CV 4110 <br><br> Judge Andersen <br><br> Magistrate Judge Cox |

## ANSWER TO COMPLAINT

J & A Sons, Inc., by and through its undersigned attorneys from the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C., in answering Plaintiffs' Complaint, states as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

**ANSWER**: Defendant admits the allegations contained in Paragraph 1 of the Complaint, but denies liability as alleged.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

**ANSWER**: Defendant admits the allegations contained in Paragraph 2 of the Complaint, but denies any liability under any of the referenced statutes.

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

**ANSWER**: Defendant admits the allegations contained in Paragraph 3 of the Complaint.

PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

**ANSWER**: Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

**ANSWER**: Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER**: Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant J & A Sons is or was an Ohio corporation with its principal place of business located in the State of Ohio.  J & A Sons is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

**ANSWER**:  Defendant admits the allegations contained in Paragraph 7 of the Complaint.

CLAIM FOR RELIEF

8.  J & A Sons was subject to collective bargaining agreements executed between itself and Local Unions of the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.  On or about March 31, 2007, J & A Sons permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.  As a result of this complete withdrawal, J & A Sons incurred withdrawal liability to the Pension Fund in the amount of $306,127.43 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

**ANSWER**:  Defendant admits that the Pension Fund determined that the withdrawal liability amount was $306,127.43, but denies that this amount is correct.

11.     On or about August 17, 2007, J & A Sons received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4291(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B).  The notice notified J & A Sons that it was required to discharge its liability monthly payments in the amount of $3,478.47 or in one lump sum in the amount of $306,127.43.

**ANSWER**:  Defendant admits that it received the notice and demand for payment of withdrawal liability.  Defendant denies that the assessed withdrawal liability is owed.

12.     J & A Sons has not requested a review of withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

**ANSWER**:  Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     J & A Sons made the monthly payments for the months of September 2007 through March 2008 in the total principal amount of $20,452.29.

**ANSWER**:  Defendant admits that Defendant made monthly payments from September, 2007 through March, 2008 in the total principal amount of $20,452.29.

14.     On or about May 9, 2008, J & A Sons received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned Defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

**ANSWER**:  Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. J & A Sons did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER**: Defendant admits that it did not initiate arbitration, but denies that the total withdrawal liability assessed is due.

16. Since April 2008, J & A Sons has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

**ANSWER**: Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Consequently, the amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) and J & A Sons is liable for the withdrawal liability in the amount of $285,675.14.

**ANSWER**: Defendant denies the allegations contained in Paragraph 17 of the Complaint.

Respectfully submitted,

**J & A SONS, INC.**

By:   /s/Donald J. Vogel
         One of its Attorneys

Donald J. Vogel (ARDC #6191438)
Scopelitis, Garvin, Light, Hanson & Feary, PC
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7178
Facsimile: (312) 422-1224

- 6 -

## CERTIFICATE OF SERVICE

I, Donald J. Vogel, hereby certify that on August 29, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>Anthony E. Napoli, Esq.
>Central States Funds Law Department
>9377 W. Higgins Road
>Rosemont, Illinois 60018-4938
>tnapoli@centralstatesfunds.org

>/s/Donald J. Vogel